Judge RUSSEL
dissenting.
I respectfully dissent.
In Regional Transportation District v. Lopez, 916 P.2d 1187 (Colo.1996), the supreme court adopted a narrow construction of § 24-10-109(1), C.R.S8.2008. The court held that the legislature did not intend to bar a plaintiff's lawsuit merely because the plaintiff failed to comply with one of the statute's requirements. Instead, held the court, the legislature intended to impose this drastic sanction only when the plaintiff failed to comply with the statute's central requirement-the filing of a written notice within 180 days. The court found that statutory language to the contrary-"[eclompliance with the provisions of this section shall be a jurisdictional prerequisite"-must have been the result of a "drafting error." Lopez, supra, 916 P.2d at 1194.
Today the majority follows Lopez and construes $ 24-10-118(1)(a), C.R.58.2008, so that it means the same thing as § 24-10-109(1). Because the statutes are related in function, and because they contain similar language, this is a reasonable conclusion.
But I think it is the wrong conclusion. As the majority recognizes, § 24-10-118(1)(a) is different from § 24-10-109(1) in that it contains the following emphasized additional language: "Compliance with the provisions of section 24-10-109, in the forms and within the times provided by section 24-10-109, shall be a jurisdictional prerequisite...." This additional language strongly suggests that the legislature intended to bar suits against public employees unless a plaintiff complies with all requirements of § 24-10-109.
Instead of extending Lopez: to § 24-10-118, I would simply apply the plain language of the statute to the facts at hand. See People v. Goodale, 78 P.3d 1108, 1107 (Colo.2008) ("Only when the statute is unclear or ambiguous may we look beyond the words of the statute to legislative history or rules of statutory construction."). Accordingly, I would hold that the suit against defendant Martinez is barred for plaintiffs' failure to comply with the requirements set forth in § 24-10-109(6). And I would reach the same conclusion with respect to CAAPTI's claims against defendants Mabin and Knight.